IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID CARTER**                                                                               **PLAINTIFF**

**V.**                                                     **NO.: 3:21-cv-229-NBB-JMV**

**KENT HANEY AND**
**MARY CARTER GILES**                                               **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the court, *sua sponte*, for a report and recommendation that this action be dismissed for failure to state a non-frivolous claim upon which relief may be granted.

**The Complaint**

The *pro se* Plaintiff filed the complaint [1] and motion to proceed *in forma pauperis* [2] on October 28, 2021. In relevant part, the complaint alleges as follows:

> II. JURISDICTION
> Federal Question: Under 42 U.S.C. §1983 the 5th district federal court for northern Mississippi has Jurisdiction over complaints of deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws. This action is being brought against State and or local officials. The violations were denial of due process, and equal protection rights guaranteed by the 14th Amendment. Judge Haney acting in his official capacity as County Judge for Coahoma County Mississippi, violated my right to a fair hearing in an impartial tribunal. Mary Carter Giles initiated and acted in concert with Judge Haney to deprive me of a fair hearing by offering false and misleading information to the Court, which the Court accepted, with knowledge of the false nature of the information.
>
> III. STATEMENT OF CLAIM
> A. The incidents complained of occurred at the Coahoma County Court House
> B. The incidents complained of occurred between October 4th, 2018, and October 31th, 2018.
> C. On October 4th, 2018 Mary Carter Giles went to the Coahoma County Court House located at 115 First St., in Clarksdale, Mississippi, and filed a complaint asking for an Emergency

Domestic Violence Restraining order against me falsely accusing me of threatening her.

D. Judge Haney signed the Temporary Emergency Domestic Violence R. O. knowing the complaint was legally insufficient.

E. During the Court hearing held at the Coahoma County Court House on October 10th, 2018, Mary Carter Giles made false statements under oath.

F. Judge Haney ignored the false statements and repeated at least one statement admitted by Mary Carter Giles to be false, on subsequent paperwork which claimed I was armed and dangerous.

H. The court denied my motion to examine Mary Carter Giles's phone.

I. The court granted Mary Carter Giles' restraining order and limited my visitation with my children from 8.AM to 5.PM Saturdays and Sundays.

J. The court found I had threatened to kill Mary Carter Giles on several occasions and had left threatening messages on her phone and I was a drug user.

K. It was never alleged by anyone that I ever threatened to kill Mary Carter Giles and motion to examine her phone was denied. There was no evidence of either finding and the drug panel contradicted the finding I was a drug user.

L. The court then told me in answer to my request for a ruling on the perjury of May Carter Giles to take it up with the D.A.

M. The actions of Mary Carter Giles, Judge Haney clearly show a concerted effort to restrict my parenting time with my children, using the county court and the laws of Mississippi, in a perversion of justice that wasn't even concealed.

IV. INJURIES

A. I have lost invaluable time with my children which can never be replaced.

B. I have developed a distrust of the mental health field of medicine which causes me to go without treatment for clinical depression. This leaves me at a serious risk for suicide.

C. I have spent upwards of two thousand dollars fighting for justice

As relief, the Plaintiff seeks

a declaratory judgement finding my right to an impartial hearing was denied. That the court acted with bias against me, and its judgement is void. That Mary Carter Giles and Dianne Lewis and Ina Jimerson acted with malicious intent to interfere with my civil rights. And are liable for all damages including intentional infliction of emotional distress. And any legal award the court deems just. I would ask the

>court to request a criminal investigation into the matters in this case,
>if the court should decide it is warranted.

*See* Compl.

## Law & Analysis

At the outset, the court acknowledges its obligation to liberally construe the pleadings of a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, pro se litigants are not free from the rules of procedure applicable to other parties. *See Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S. D. Miss. 2006) (stating that a *pro se* plaintiff's "ignorance of or unfamiliarity with court proceedings does not relieve him" of the duty to know his legal rights and to abide by procedural rules). A complaint fails to state a claim when the plaintiff fails to plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, 28 U.S.C. § 1915(e)(2)(B) requires that the court dismiss an action upon its determination that the action fails to state a claim on which relief may be granted. A plaintiff's "*in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact." *Newsome v. E.E.O.C.,* 301 F.3d 227, 231 (5th Cir. 2002). The Fifth Circuit has held that "a complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.*

I. <u>Section 1983 Claims</u>

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." *Goodman v. Harris County*, 571 F.3d 388, 394–95 (5th Cir. 2009) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged

deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Section 1983 only provides a remedy where there has been deprivation of constitutional rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 274, (2002).

### A. Kent Haney

The Plaintiff asserts that Coahoma County Judge Kent Haney violated the Plaintiff's constitutional rights by admitting Mary Giles' statements during the October 10, 2018, hearing, refusing to grant Plaintiff's request to search Mary Giles' phone, and ultimately entering a restraining order and placing a visitation schedule between the Plaintiff and his children. *See* Compl. 3. The Plaintiff argues that these actions amounted to deprivation of his constitutional right to due process and a right to a fair hearing by Judge Haney. *Id.*

However, by the Plaintiff's own admission, he had notice and opportunity to make his arguments before a judicial officer regarding the temporary order of protection. *See* Compl. 4. As such, it does not appear that the Plaintiff was deprived of his constitutional right to due process. Rather, the Plaintiff complains of the outcome of the hearing, but the Plaintiff does not have a constitutional right to judicial ruling in his favor after process has been afforded. *See, e.g., Clarke v. Univ. of N. Texas*, 993 F.2d 1544 (5th Cir. 1993) (rejecting plaintiff's procedural due process claim because "[p]rocedural due process rights do not guarantee a particular outcome to a disciplinary proceeding but only assure that it is fairly conducted"); *Moreno v. Donna Indep. Sch. Dist.*, No. 7:12-CV–141, 2013 WL 12099971, at *2 (S.D. Tex. Mar. 1, 2013), aff'd, 589 Fed. Appx. 677 (5th Cir. 2014) (rejecting plaintiff's due process claim and noting that "[w]hile Plaintiff may disagree with the outcome, the evidence and Plaintiff's own admissions makes clear he received appropriate notice and a hearing").

Additionally, judicial officers are immune from civil liability for acts performed in the exercise of their judicial function. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). There are four factors that determine whether the actions of a judicial officer's actions are judicial in nature: "(1) if the act is a normal judicial function; (2) if the acts occurred in a courtroom or other judicial space; (3) whether the complained-of acts relate to a case pending before the judicial officer; and (4) whether the acts relate directly to an appearance before the judicial officer in his official capacity." *See Pierson v. Itawamba County, Mississippi*, NO. 1:19-CV-00085-GHD-RP, 2020 WL 2950356 (N.D. Miss. Jun. 3, 2021); *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Here, the Plaintiff brought this suit against Kent Haney "acting in his official capacity as County Judge for Coahoma County." *See* Compl. at 3. As noted above, the Plaintiff appeared before Judge Kent Haney's courtroom for a hearing regarding the temporary order of protection. Following the hearing, Judge Haney entered an order and placed a visitation schedule for the Plaintiff and his children. As such, the Section 1983 claim against Kent Haney in his official capacity as a judge is without merit.

    B.  <u>Mary Giles</u>

Under section 1983, private action may be deemed state action when the defendant's conduct is "fairly attributable to the State." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999). The Plaintiff alleges that Mary Giles acted "in concert" with Judge Haney to "restrict [the Plaintiff's] parenting time with [his] children, using the county court and the laws of Mississippi. . . ." *See* Compl. 3. However, allegations of a conspiracy between private and state actors requires more than conclusory statements. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir.1982). It is clear from the complaint that Mary Giles was a litigant and participant in a court proceeding before Judge

Haney. The Plaintiff makes no allegation of any interaction or relationship between the Defendants, outside of the court proceeding. A private citizen does not become a state actor simply "by filing a private civil action, even where authorized by state statutes" or "by initiating civil commitment procedures against another person." *Johnson ex rel. Wilson v. Dowd*, 305 Fed. App'x 221 (5th Cir. 2008) (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999)). As such, the Section 1983 claim against Mary Giles is without merit.

II. Declaratory Relief

To the extent the Plaintiff seeks declaratory relief regarding the ordered entered pursuant to a county court proceeding, the Plaintiff is asking this court to review a state court action and issue an opinion regarding the order Judge Haney made during the Plaintiff's hearing. However, the *Rooker-Feldman* doctrine prohibits a federal district court of subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983) (federal courts lack jurisdiction "over challenges to state court decisions. . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 414-16 (1923) (federal district courts do not have appellate jurisdiction to reverse or modify judgment of state court); *see also Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts). Only the United States Supreme Court can review a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision. *See Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

III. Conclusion

Given the above, the undersigned finds that, on its face, the Plaintiff has not asserted a non-frivolous federal claim upon which relief can be granted. Accordingly, it is the report and recommendation of the undersigned that the Plaintiff's complaint be dismissed without prejudice for failure to state a non-frivolous claim and the Plaintiff's application to proceed *in forma pauperis* be denied as moot.

The Plaintiff is referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The Plaintiff is warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 5th day of January, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**